

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD K.,

                Plaintiff,

    -v-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

_____

23-CV-00686-MJR

DECISION AND ORDER

Pursuant to 28 U.S.C. §636(c), the parties consented to have a United States Magistrate Judge conduct all proceedings in this case. (Dkt. No. 15)

Plaintiff Richard K.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the final decision of the Commissioner of Social Security ("Commissioner" or "defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to the Social Security Act (the "Act"). Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Plaintiff's motion (Dkt. No. 10) is granted, and defendant's motion (Dkt. No. 12) is denied.

---

[1] In accordance with the District's November 18, 2020, Standing Order, plaintiff is identified by first name and last initial.

## BACKGROUND[2]

Plaintiff applied for DIB on January 3, 2019, with an alleged onset date of June 11, 2018. (Administrative Transcript ["Tr."] 34, 311-12). His claim was denied initially (Tr. 166-76), and on reconsideration. (Tr. 177-88). Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. 214-30). On February 2, 2021, ALJ Moises Penalver held a telephone hearing, at which Plaintiff participated, with her counsel. (Tr. 57-106). A vocational expert ("VE") also testified. On April 21, 2021, the ALJ issued a decision denying Plaintiff's claim. (Tr. 31-56). The Appeals Council declined review on May 10, 2023. (Tr. 1-7). This action followed.

## DISCUSSION

### I.    Scope of Judicial Review

The Court's review of the Commissioner's decision is deferential. Under the Act, the Commissioner's factual determinations "shall be conclusive" so long as they are "supported by substantial evidence," 42 U.S.C. §405(g), that is, supported by "such relevant evidence as a reasonable mind might accept as adequate to support [the] conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). "The substantial evidence test applies not only to findings on basic evidentiary facts, but also to inferences and conclusions drawn from the facts." *Smith v. Colvin*, 17 F. Supp. 3d 260, 264 (W.D.N.Y. 2014). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force," the

---

[2] The Court presumes the parties' familiarity with Plaintiff's medical history, which is summarized in the moving papers.

Court may "not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). Thus, the Court's task is to ask "'whether the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached' by the Commissioner." *Silvers v. Colvin*, 67 F. Supp. 3d 570, 574 (W.D.N.Y. 2014) (quoting *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)).

Two related rules follow from the Act's standard of review. The first is that "[i]t is the function of the [Commissioner], not [the Court], to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983). The second rule is that "[g]enuine conflicts in the medical evidence are for the Commissioner to resolve." *Veino*, 312 F.3d at 588. While the applicable standard of review is deferential, this does not mean that the Commissioner's decision is presumptively correct. The Commissioner's decision is, as described above, subject to remand or reversal if the factual conclusions on which it is based are not supported by substantial evidence. Further, the Commissioner's factual conclusions must be applied to the correct legal standard. *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Failure to apply the correct legal standard is reversible error. *Id.*

II.   *Standards for Determining "Disability" Under the Act*

A "disability" is an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months." 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Commissioner may find the claimant disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but

cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* §§423(d)(2)(A), 1382c(a)(3)(B). The Commissioner must make these determinations based on "objective medical facts, diagnoses or medical opinions based on these facts, subjective evidence of pain or disability, and . . . [the claimant's] educational background, age, and work experience." *Dumas v. Schweiker*, 712 F.2d 1545, 1550 (2d Cir. 1983) (first alteration in original) (quoting *Miles v. Harris*, 645 F.2d 122, 124 (2d Cir. 1981)).

To guide the assessment of whether a claimant is disabled, the Commissioner has promulgated a "five-step sequential evaluation process." 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4). First, the Commissioner determines whether the claimant is "working" and whether that work "is substantial gainful activity." *Id.* §§404.1520(b), 416.920(b). If the claimant is engaged in substantial gainful activity, the claimant is "not disabled regardless of [his or her] medical condition or . . . age, education, and work experience." *Id.* §§404.1520(b), 416.920(b). Second, if the claimant is not engaged in substantial gainful activity, the Commissioner asks whether the claimant has a "severe impairment." *Id.* §§404.1520(c), 416.920(c). To make this determination, the Commissioner asks whether the claimant has "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." *Id.* §§404.1520(c), 416.920(c). As with the first step, if the claimant does not have a severe impairment, he or she is not disabled regardless of any other factors or considerations. *Id.* §§404.1520(c), 416.920(c). Third, if the claimant does have a severe impairment, the

Commissioner asks two additional questions: first, whether that severe impairment meets the Act's duration requirement, and second, whether the severe impairment is either listed in Appendix 1 of the Commissioner's regulations or is "equal to" an impairment listed in Appendix 1. *Id.* §§404.1520(d), 416.920(d). If the claimant satisfies both requirements of step three, the Commissioner will find that he or she is disabled without regard to his or her age, education, and work experience. *Id.* §§404.1520(d), 416.920(d).

If the claimant does not have the severe impairment required by step three, the Commissioner's analysis proceeds to steps four and five. Before doing so, the Commissioner must "assess and make a finding about [the claimant's] RFC based on all the relevant medical and other evidence" in the record. *Id.* §§404.1520(e), 416.920(e). RFC "is the most [the claimant] can still do despite [his or her] limitations." *Id.* §§404.1545(a)(1), 416.945(a)(1). The Commissioner's assessment of the claimant's RFC is then applied at steps four and five. At step four, the Commissioner "compare[s] [the] residual functional capacity assessment . . . with the physical and mental demands of [the claimant's] past relevant work." *Id.* §§404.1520(f), 416.920(f). If, based on that comparison, the claimant is able to perform his or her past relevant work, the Commissioner will find that the claimant is not disabled within the meaning of the Act. *Id.* §§404.1520(f), 416.920(f). Finally, if the claimant cannot perform his or her past relevant work or does not have any past relevant work, then at the fifth step the Commissioner considers whether, based on the claimant's RFC, age, education, and work experience, the claimant "can make an adjustment to other work." *Id.* §§404.1520(g)(1), 416.920(g)(1). If the claimant can adjust to other work, he or she is not disabled. *Id.*

§§404.1520(g)(1), 416.920(g)(1). If, however, the claimant cannot adjust to other work, he or she is disabled within the meaning of the Act. *Id.* §§404.1520(g)(1), 416.920(g)(1).

The burden through steps one through four described above rests on the claimant. If the claimant carries his burden through the first four steps, "the burden then shifts to the [Commissioner] to show there is other gainful work in the national economy which the claimant could perform." *Carroll*, 705 F.2d at 642.

III.    *The ALJ's Decision*

Preliminarily, the ALJ found Plaintiff's last date insured to be June 30, 2024. Next, at step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 11, 2018, the alleged onset date. (Tr. 36-37). At step two, the ALJ found Plaintiff has the following severe impairments: lumbosacral degenerative disc disease with mild to moderate stenosis; right shoulder degenerative joint disease, status post arthroscopy; and cervical degenerative disc disease. (Tr. 37-39). At step three, the ALJ found that none of these impairments met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 39-40). Before step four, the ALJ found that Plaintiff had the RFC to perform light work, with several limitations, including that "he can occasionally reach with the right arm but only reach overhead on a rare basis (with rare defined as a maximum of 15% in a workday)." (Tr. 40-49).

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work. (Tr. 49-50). At step five, the ALJ found that there are jobs available in the national economy that Plaintiff can perform. (Tr. 50-51). Accordingly, the ALJ found that Plaintiff has not been disabled within the meaning of the Act from June 11, 2019, the alleged onset date, to the date of the decision. (Tr. 51).

IV.    *Plaintiff's Challenge*

Plaintiff argues, *inter alia*, that the case must be remanded, because the ALJ's findings at step five are not supported by substantial evidence.  The Court agrees.

At step 5, the burden of proof shifts to the Commissioner. *Carroll*, 705 F.2d at 642. To support a finding that an individual is not disabled at this step, the Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience. (Tr. 36) (citing 20 C.F.R. §§ 404.1512 and 404.1560(c) ("We will look at your ability to adjust to other work by considering your residual functional capacity and the vocational factors of age, education, and work experience, as appropriate in your case. . . Any other work (jobs) that you can adjust to must exist in significant numbers in the national economy (either in the region where you live or in several regions in the country")).

Here, the ALJ attempted to satisfy the Commissioner's step 5 burden by relying on the testimony of the VE that Plaintiff can perform the jobs of Usher and Furniture Rental Clerk. (Tr. 50-51). The *Dictionary of Occupational Titles* ("DOT") identifies the jobs Usher and Furniture Rental Clerk, under codes 344.677-014 and 295-357-018, respectively. *See Dictionary of Occupational Titles* (U.S. Dep't of Labor, 4th Ed., rev.1991). The DOT and its companion publication, *Selected Characteristics of Occupations* ("SCO"), are primary resources used by the Commissioner and vocational experts to identify the exertional and non-exertional requirements of occupations. SSR 00-4p. These publications specify that workers performing the jobs of Usher and Furniture Rental Clerk

- 7 -

must be able to perform "reaching" on an occasional basis, or in other words, up to 1/3 of an 8-hour workday.[3] *Ibid.*

In this case, however, the ALJ, in his RFC finding, determined that Plaintiff could "only reach overhead on a rare basis (with rare defined as a maximum of 15% in a workday)." (Tr. 40). Thus, there is an apparent conflict here between the DOT's reaching requirements for the two jobs identified by the VE and the Plaintiff's RFC, as determined by the ALJ. This conflict triggers the ALJ's duty to elicit an explanation that would justify crediting the VE's testimony. *Lockwood* at *12. The Court finds that neither the ALJ's decision nor the testimony of the VE provides an adequate explanation.

The Court has reviewed the VE's testimony and finds it to be vague and confusing. At one point the ALJ asked the VE whether her testimony was consistent with the DOT and SOC , and she responded "yes," which is clearly incorrect, because as explained, the DOT and SOC require occasional reaching, but Plaintiff can only "rarely" reach overhead. (Tr. 103). The VE then states that she was only looking for occupations that required occasional reaching. (Tr. 103). Again, puzzling. The VE then states in the context of discussing the flexion, extension and rotation of the neck, that she was basing her answer on her analysis of the positions and her knowledge of how these jobs are performed. (Tr. 103). The VE was never directly asked about the apparent conflict between her testimony and the reaching requirements in the DOT and SOC. In fact, neither the word "conflict" nor anything else like it was used in questioning the VE.

---

[3] "Reaching" includes overhead reaching. *Lockwood v. SSA*, No. 17-2591-cv, 2019 U.S. App. LEXIS 2104, at *12 (2d Cir. Jan. 23, 2019).

With regards to the ALJ's decision, it fails to expressly state, recognize or acknowledge the conflict between his RFC finding and the VE's testimony. Both the VE's testimony and the ALJ's decision seem to be nothing but boilerplate, leaving the Court unable to conduct a meaningful review of the ALJ's decision at step five.  Remand is therefore required. *Lockwood* at \*12; *see also Roderick R. v. Comm'r of Soc. Sec.*, No. 1:21-cv-00577-TPK, 2023 U.S. Dist. LEXIS 91888, at \*9 (W.D.N.Y. May 25, 2023).[4]

## **CONCLUSION**

For the above reasons, Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is granted and defendant's motion for judgment on the pleadings (Dkt. No.12) is denied.  The case is remanded for further administrative proceedings. The Clerk of Court shall take all steps necessary to close the case.

**SO ORDERED.**

Dated:        March 25, 2026
             Buffalo, New York

MICHAEL J. ROEMER
United States Magistrate Judge

---

[4] Plaintiff also argues that the ALJ erred by relying on stale medical opinion evidence.  The Commissioner should also address this argument on remand.